2M Hospitality Group, LLC v Sahara Plaza, LLC (2024 NY Slip Op 06003)

2M Hospitality Group, LLC v Sahara Plaza, LLC

2024 NY Slip Op 06003

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Index No. 653345/23 Appeal No. 3150 Case No. 2024-02177 

[*1]2M Hospitality Group, LLC, Plaintiff-Appellant,
v
Sahara Plaza, LLC, Defendant-Respondent.

Davis Wright Tremaine LLP, New York (John M. Magliery of counsel), for appellant.
Warshaw Burstein, LLP, New York (Maxwell J. Rubin of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about February 13, 2024, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
Defendant demonstrated that money damages are barred by article 63 of the parties' commercial lease, which limits plaintiffs' damages, if any, to specific performance, injunction, or declaratory relief. We reject plaintiff's argument that article 63 is unenforceable as against public policy (see Metropolitan Life Ins. Co. v Noble Lowndes Intl., 84 NY2d 430, 436 [1994]). Even drawing all inferences in the light most favorable to plaintiff, the complaint does not allege that defendant engaged in misconduct that would constitute a willful, bad-faith breach of the lease rendering article 63 unenforceable (see Devash LLC v German Am. Capital Corp., 104 AD3d 71, 77 [1st Dept 2013], lv denied 21 NY3d 863 [2013]). Rather, the complaint alleges that defendant declined to reopen its business after New York State's COVID-19 in-person dining restrictions were lifted. This decision does not constitute "intentional wrongdoing . . . unrelated to any legitimate economic self-interest," which would be required to find article 63 unenforceable (compare Devash LLC, 104 AD3d at 77, with Banc of Am. Sec. LLC v Solow Bldg. Co. II, L.L.C., 47 AD3d 239, 243 [1st Dept 2007]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024